### LATHROP *v.* LATHROP *et al.*

*(Supreme Court, General Term, Fifth Department.* March, 1892.)

1. CONSTRUCTION OF WILL—ESTATE IN TRUST.

Testatrix, after disposing of certain personalty, bequeathed to her executors the remainder of her personal property for the purpose of paying debts, etc., "and to fulfill the trusts contained herein." She next devised to H. and C., "as tenants in common, share and share alike," certain land, and by a subsequent clause named H. and A. as executors, and gave them "power to sell and convey, mortgage or lease, said real estate, at their option, for the best interests" of the estate. "Whenever a sale and conveyance shall be made of said premises," A. was to be paid $500 out of the proceeds, and H. and C. were to receive the residue, "share and share alike; also all personal property not herein bequeathed." Then followed this provision: "This restriction and direction I do wish observed as to C.'s portion; that is, that it be safely invested for her by my executors, and paid to or for her, as to interest, when collected, from year to year, and the principal paid in installments, as they shall deem proper and for her best interests." The executors were constituted trustees as to her "share of such proceeds." *Held,* that C. took an undivided one half of the real estate in fee simple, with the right to the rents and possession, subject to the power of sale given the executors; that, upon the exercise of said power, her share of the proceeds was to be held by the executors in trust, to pay her the interest thereon, and such portion of the proceeds as, in their judgment, she may need; and that the proceeds of the personalty bequeathed to her were also to be held upon a like trust.

2. SAME—TESTAMENTARY POWER.

The power contained in said will was authorized by 1 Rev. St. p. 732, §§ 74, 77, which define powers, and section 98, which provides that "a general power is in trust when any person or class of persons other than the grantee of such power is designated as entitled to the proceeds or any portion of the proceeds or other benefits to result from the alienation of the lands according to the power."

Appeal from special term, Monroe county.

Action by Clarissa C. Lathrop against Helen C. Lathrop and others to construe the will of Jemima W. Lathrop, deceased. From a judgment adjudging certain bequests and devises to plaintiff to be held in trust for her benefit, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Shuart & Sutherland,* for appellant. *John F. Kinney,* for respondents.

LEWIS, J. The purpose of this action is to obtain a construction of the will of Jemima W. Lathrop, who was the mother of the parties to the action. The will was probated by the surrogate of Monroe county, July 28, 1890. The testatrix, by the second and third clauses of her will, disposes of some articles of personal property. The controversy is over the fourth, fifth, and sixth clauses of the will. The material part of these clauses is as follows: "*Fourth.* All moneys in bank and other personal property belonging to me not bequeathed by the foregoing second and third provisions of this will, I give unto my executors hereinafter named as such, for the purpose of the payment by them of debts and funeral expenses, and to fulfill the trusts contained herein. *Fifth.* I give and devise unto my daughters Helen and Clara, as tenants in common, share and share alike, the premises known as 'No. 68,' upon the east side of Jones street, in Rochester, to include all buildings thereon and fixtures. In every way they are to become equal owners, and to maintain all repairs and improvements, and each to have and

receive one half of the rents, issues, and profits therefrom, and to contribute in the same ratio to all taxes thereon. Whenever a sale and conveyance shall be made of said premisès, and the purchase price realized to my two said daughters, I give from the said moneys five hundred dollars to my daughter Anne, should she be then living. My wish is that no sale of said premises be made until after eighteen months from my decease, and no conveyance thereof shall be made earlier than said period, unless my daughters Anne and Helen concur in writing, and deem the same feasible, not only, but for the best interest therein under this last will. *Sixth.* I hereby nominate, constitute, and appoint my daughters Helen and Anne the executors of this, my last will and testament, and I do give them, or to the survivor of them, the power to sell and convey, mortgage or lease. said real estate, at their option, for the best interests of my estate. From the proceeds of such sale, if necessary, they shall pay any balance of debts or funeral expenses not susceptible of being paid from my general personal estate not hereinbefore bequeathed. After deducting said $500 charged on said real estate in favor of Anne, the said Helen and Clara shall receive the remaining proceeds, share and share alike; also all personal property not herein bequeathed. This restriction and direction I do wish observed as to Clara's portion; that is, that it be safely invested for her by my executors, and paid to or for her, as to interest, when collected, from year to year, and the principal paid in installments, as they shall deem proper and for her best interests. For this last-defined purpose I constitute Helen and Anne as trustees as relates to Clara's said share of such proceeds." The testatrix died seised of the house and lot mentioned in the will, worth, over and above the incumbrance thereon, $2,500. She left a personal estate amounting to about $2,000 over all her debts and expenses of administration.

Plaintiff's contention is that there is no trust created by the will over her share of the personal estate, and that she is the absolute owner in fee simple of one undivided one-half share of the real estate, subject only to the lien of the mortgage, and to the naked power of sale given by the will to the defendant executors; and that no trust is created by the will over her share in the proceeds of the sale of the real estate, if a sale be made; but that she will be entitled immediately upon the sale of the premises to her full share in the proceeds thereof. The chief difficulty in construing this will arises from an inapt and somewhat careless use of words, and an unfortunate arrangement of some of its sentences and clauses. It is our duty to endeavor to ascertain the meaning and wishes of the testatrix, and give such construction to her will as will carry out her wishes, if possible. "If the plain and definite purposes of a will are endangered by inapt or inaccurate modes of expression, and we are sure we know what the testatrix meant, we have the right, and it is our duty, to subordinate the language to the intention. In such a case the court may reject words, supply them, or transpose them, to get at the correct meaning." *Phillipps* v. *Davies,* 92 N. Y. 199. It is apparent that it was the wish of the testatrix that her daughter Clara should have one-half of her estate, after payment of her debts and funeral expenses, the expenses of administration, and the bequest of $500 to Anne, which is made by the will a charge upon the real estate. For some reason satisfactory to herself she did not wish to give Clara power over the *corpus* of the estate. There is a clear devise in fee to Helen and Clara of the real estate, each to have one half of the rents and profits, and to contribute equally to the payment of taxes; but this devise is made subject to a power of sale, mortgage, or lease, which is given to the executors, to be exercised, at their option, for the best interests of the estate. Until such time as the executors shall exercise their power of sale, Clara is to receive one half of the rents, etc., of the real estate. This right in Clara to receive one half of the rents and interests is not inconsistent with the main purpose of the will, which is that she shall not be at liberty to

dispose of the principal. In giving construction to the part of the will relating to the personalty, no embarrassment arises on account of the statute of uses and trusts, for the statute has no application to that class of property. *Cutting* v. *Cutting*, 86 N. Y. 545.

Does the will create a trust in the executors in the personal property? As we have seen, by the fourth clause of the will all moneys in bank, or other personal property not specifically bequeathed, she gave to her executors for the purpose of payment of debts and funeral expenses, "and to fulfill the trusts contained herein." Then follow the fifth and sixth clauses, disposing of the fee of the land, and giving a power of sale to the defendants. She then says, "Helen and Clara shall receive the remaining proceeds, share and share alike," referring obviously to what remains from sale of the real estate; and then adds, "Also all personal property not herein bequeathed." But the next subdivision states: "This restriction and direction I do wish observed as to Clara's portion; that is, that it be safely invested for her by my executors, and paid to or for her, as to interest, when collected, from year to year, and the principal paid in installments, as they shall deem proper and for her best interests. For this last-defined purpose I constitute Helen and Anne as trustees as relates to Clara's said share of such proceeds." We think the testatrix intended by the use of the word "portion" to include the proceeds of both the personal estate and real estate. If, however, she used it in a restricted sense, and intended thereby to refer simply to her portion of the personalty, as distinguished from the proceeds of the sale of the land, reading the fourth clause in connection with this subdivision, it must be held, we think, that she intended to create a trust in the personalty. The testatrix, in language that cannot be misunderstood, makes Helen and Anne trustees of Clara's portion of the proceeds of the sale of the real estate, as will be seen at the close of the sixth clause. We agree with the learned counsel for the appellant that their client took, by the will, the fee to the undivided half of the real estate, with the rights to the rents and the possession thereof, incumbered, however, by the power given to the executors to sell, mortgage, or lease the same; and when they shall exercise the power of sale, and pay the $500 legacy to Anne, they become trustees of the balance of the proceeds; and thereafter Clara, instead of receiving the rents and profits of the real estate, will be entitled to the interest, from year to year, received from her portion of the proceeds of this real estate, as well as the interest on the investments of the personalty, with such portions of the principal as, in the judgment of the trustees, she may need from time to time.

The power of sale given the executors by the will is authorized by sections 74, 77, and 94 of the articles of the Revised Statutes relating to powers.[1] Section 74 provides: "A power is an authority to do some act in relation to lands, or the creation of estates therein, or of charges thereon, which the owner granting or reserving such power might himself lawfully perform." Section 77: "A power is general where it authorizes the alienation in fee by means of a conveyance * * * to any alienee whatever." Section 94: "A general power is in trust when any person or class of persons other than the grantee of such power is designated as entitled to the proceeds, or any portion of the proceeds, or other benefits to result from the alienation of the lands according to the power." "A trust to sell lands, and divide the proceeds among the *cestuis que trustent* as beneficiary owners, and not as creditors, is void as a trust, but is valid as a power in trust." *Selden* v. *Vermilyea*, 1 Barb. 56. Our conclusions are that the defendants are by the will given the power to sell the real estate, and are made trustees of the proceeds remaining after paying the devise of $500 to Anne, and that they are made trustees of the personalty; and this leads to an affirmance of the judgment. Judgment affirmed. All concur.

[1] 1 Rev. St. pp. 732, 734.